FILED IN CLERK'S OFFICE
U.S.D.C.  Atlanta

NOV 0 7 2006

JAMES N. HATTEN, Clerk

By _____
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| LORENZO SOTELO-CAMACHO, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 1:05-CV-1349-WSD |
| | : | |
| v. | : | |
| | : | |
| M . M. MORALES, | : | PRISONER CIVIL RIGHTS |
| Defendant. | : | 42 U.S.C. § 1983 |

### OPINION AND ORDER

On May 23, 2005, Plaintiff filed this civil rights complaint against Officer M. M. Morales. [Doc. 1].  Plaintiff claims that Officer Morales used excessive force in arresting Plaintiff on December 19, 2004, on charges of obstruction and simple battery.  Plaintiff also claims he was falsely arrested and that his subsequent guilty plea to both charges was the result of intimidation and force.  Plaintiff seeks monetary relief.

On August 24, 2005, [Doc. 4], this Court dismissed, pursuant to 28 U.S.C. § 1915A, Plaintiff's claims based on his alleged unconstitutional arrest and guilty plea.  This Court allowed Plaintiff's excessive force claim to proceed against Officer Morales.  This matter is presently before the Court on the following motions filed by Plaintiff: (1) motion for deposition [Doc. 15]; (2) motion to appoint counsel [Doc. 19]; (3) motion for extension of thirty days to file a reply to Officer Morales's answer [Doc. 20]; (4) motion to compel answer to interrogatories [Doc. 21]; and (5) motion to amend complaint [Doc. 31].

## I.      Plaintiff's Motions

### A.      Discovery motions

On June 14, 2006, Plaintiff filed his motion to depose Officer Morales. [Doc. 15].  Officer Morales did not answer the complaint until June 20, 2006 [Doc. 16], and, thus, under Local Rule 26.1(A) discovery in this case did not commence until July 20, 2006, thirty days after Officer Morales filed his answer on June 20, 2006.  Accordingly, Plaintiff's motion for deposition [Doc. 15] is **DENIED** as premature.  Now that discovery may proceed, Plaintiff may make a request pursuant to Rule 30 of the Federal Rules of Civil Procedure to depose Officer Morales.

On July 24, 2006, Plaintiff filed a motion to compel a response to his interrogatories.  [Doc. 21].  Plaintiff states that on May 24, 2006, he sent Officer Morales and this Court "copies and [an] original" of his First Set of Interrogatories and that Defendant has failed to answer them in a timely manner.  On August 8, 2006, Officer Morales filed his response opposing Plaintiff's motion to compel on the grounds that Plaintiff has neither served his discovery requests as Plaintiff contends nor complied with the applicable Federal Rules of Civil Procedure and this Court's local rules regarding interrogatory discovery.  [Doc. 26].  On October 13, 2006, Officer Morales filed a certificate of service with this Court indicating he has served his responses to Plaintiff's interrogatories.  [Doc. 36].

2

Accordingly, Plaintiff's motion to compel a response to the interrogatories [Doc. 21], is **DENIED** as moot.

### B.    Motion for Extension of time

On July 14, 2006, Plaintiff filed a motion seeking a thirty-day extension of time to file a reply to Officer Morales's defenses asserted in the June 20, 2006, answer. [Doc. 20].  The Federal Rules of Civil Procedure do not require nor do they contemplate a plaintiff filing a reply to the defendant's answer in a case. Accordingly, Plaintiff's motion for an extension of the time to reply [Doc. 20] is **DENIED** as moot.

### C.    Motion for Appointment of Counsel

Plaintiff moves this Court to appoint counsel to represent him in this matter. [Doc. 19].  Prisoners pursuing civil actions do not have a right to counsel. See Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996); Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987).  Appointment of counsel in civil cases is a privilege "justified only by exceptional circumstances," such as the presence of "facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner." Poole, 819 F.2d at 1028.  Plaintiff has failed to demonstrate that his excessive force claim involves a novel or complex issue.  Indeed, the Court observes that Plaintiff's claim is consistent with excessive force claims typically filed in this district.  Plaintiff's motion to appoint counsel [Doc. 19] is **DENIED**.

3

**D.**   **Motion to amend complaint**

Plaintiff seeks to amend his complaint to add claims and defendants.  After a responsive pleading has been filed, a party must obtain leave to amend the complaint, which "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  Courts may deny leave to amend because of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).

Plaintiff first seeks to add a claim of perjury against Officer Morales. Specifically, Plaintiff claims that Officer Morales committed perjury when he changed the facts of his written police report in connection with his arrest of Plaintiff on December 19, 2004, to cover up his alleged excessive force.  However, Officer Morales's written statements in the report were not made under oath in connection with a judicial proceeding and the statements he made in it, even if false, cannot support a claim of perjury.  See Scarbrough v. Myles, 245 F.3d 1299, 1305 (11th Cir. 2001).  Because the additions of this claim would be futile, Plaintiff's request to add a perjury claim is **DENIED**.

Plaintiff also seeks to add a civil conspiracy claim against Officer Morales and one of the following three individuals: Sergeant J. W. Berg, Lieutenant D.K.

Ellinson, or an individual identified only as "Capt. K. R."  Plaintiff does not identify which person allegedly conspired with Officer Morales and states only that if a conspiracy existed it had to be one of these three individuals.  Plaintiff claims the object of the conspiracy was to force Plaintiff to plead guilty.

A prisoner claiming a conspiracy under § 1983 must make particularized allegations that a conspiracy exists.  See GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1370 (11th Cir. 1998).  That is, a plaintiff must inform the defendants of the nature of the conspiracy -- vague and conclusory allegations of conspiracy are insufficient to state a claim.  Fullman v. Graddick, 739 F.2d 553, 556-67 (11th Cir. 1984).  Plaintiff's claim that a conspiracy existed between Officer Morales and one of three officers, is vague, conclusory and insufficient to support a conspiracy claim.

This Court also finds that Plaintiff's conspiracy claim, which alleges that the charges for which Plaintiff was arrested were fabricated, is simply a variation of Plaintiff's unconstitutional confinement claims raised in his original complaint.  On August 24, 2005, this Court dismissed, pursuant to § 1915A, the unconstitutional confinement claims which Plaintiff alleged arose out of his claimed false arrest and subsequent guilty plea.[1]  [Doc. 4 at 3-4].  To the extent the

---

[1] In dismissing these claims pursuant to Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Court stated that they would necessarily imply the invalidity of his

5

conspiracy claim which Plaintiff seeks now to asset attacks the invalidity of his convictions, this claim cannot be brought in a § 1983 civil rights action until Plaintiff demonstrates that his conviction following his guilty plea is overturned. Heck, 512 U.S. at 486-87.  Thus, for this additional reason, Plaintiff's conspiracy claim is inappropriate because it would be futile now to include it.   For all of the reasons stated above, Plaintiff's motion to amend to is **DENIED**.

Finally, Plaintiff seeks to add a claim against several new Defendants based on their alleged failure to properly supervise or train Defendant Officer Morales in the use of force and deadly weapons.  It is difficult to determine the exact nature and grounds for this claim.  Plaintiff apparently seeks to assert this additional claim against the following individuals:  (1) Lieutenant Ellinson; (2) DeKalb County Sheriff Thomas Brown; and (3) DeKalb County Police Department Chief Eddie J. Moody.[2]  Because Plaintiff's alleged failure to properly supervise or train Officer

---

convictions for obstruction and simple battery.  [Doc. 4 at 3-4].

[2] Plaintiff also seeks to raise his failure to train and supervise claim against unknown Defendants as well as an individual identified as "Capt. K.R."  Plaintiff, however, cannot proceed against these unknown defendants.  See Wayne v. Jarvis, 197 F.3d 1098, 1102-03 (11th Cir. 1999).  As instructed below, Plaintiff will be given an opportunity to present his amended complaint containing his claim of failure to properly supervise or supervise and to clearly identify "Capt. K.R." and any other official.  The Court further notes that Eddie J. Moody is no longer the Chief of the DeKalb County Police Department

Morales is closely related to Plaintiff's excessive force claim against Officer Morales, this Court will allow the claim to be added. Plaintiff's motion to amend to add this specific, limited claim is **GRANTED**, but the Plaintiff is admonished that this claim will be allowed only if he meets the pleading conditions set forth below.

### Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion for deposition [Doc. 15], motion to appoint counsel [Doc. 19], motion for extension of thirty days to file a reply to Officer Morales's answer [Doc. 20], and motion to compel answer to interrogatories [Doc. 21] are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion seeking leave to amend complaint [Doc. 31] is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's motion to amend is **DENIED** to the extent that Plaintiff seeks to add a claim of perjury against Officer Morales and a claim of conspiracy against Officer Morales and either Sergeant J. W. Berg, Lieutenant D.K. Ellinson, or "Capt. K. R." Plaintiff's motion to amend is **GRANTED** only to allow Plaintiff to add a claim involving an alleged failure to properly supervise or train Officer Morales,which claim may be asserted only against Lieutenant Ellinson, DeKalb County Sheriff Thomas Brown, and former County Police Department Chief Eddie J. Moody.

7

Plaintiff is hereby **DIRECTED** to file an Amended Complaint on or before November 30, 2006.

**IT IS FURTHER ORDERED** that the Amended Complaint shall repeat verbatim those claims set forth in Plaintiff's original complaint, but it may also include one additional claim for failure to properly supervise or train Officer Morales, which additional claim may be asserted only against Lieutenant Ellinson, DeKalb County Sheriff Thomas Brown and former DeKalb County Chief of Police Eddie Moody. These individuals may be named as defendants in the caption of the Amended Complaint. In asserting this additional claim Plaintiff shall state in a clear and concise manner how proposed additional defendants Ellinson, Brown, and Moody each allegedly failed to properly supervise or train Defendant Morales.

**IT IS FURTHER ORDERED** that this Court will disregard any claims or allegations in Plaintiff's Amended Complaint that reference the validity of his convictions, otherwise seek to raise claims already dismissed or disallowed, or which seek to file new claims other than allowed by this Order.

The Clerk is **DIRECTED** to submit the action to the Court on December 7, 2006. Upon filing his amended complaint in accordance with the instructions given above, this Court will provide Plaintiff with service instructions as to the parties added in the Amended Complaint.

8

AO 72A
(Rev.8/82)

**IT IS SO ORDERED** this 7th day of November, 2006.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)