IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LORENZO SOTELO CAMACHO,

          Plaintiff,

v.

MICHAEL M. MORALES, et al.,

          Defendants.

1:05-cv-1349-WSD

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Lorenzo Sotelo Camacho's ("Plaintiff") Motion for Civil and Criminal Contempt and Sanctions ("Contempt Motion") [52] and Motions for Extension of Time [51, 55]. The Court also reconsiders, *sua sponte,* the Opinion and Order it entered on July 23, 2007, regarding Plaintiff's Motion to Compel First and Third Set of Interrogatories ("July 27 Order"). The Court revisits its July 23 Order in light of the affidavit filed by Defendant Morales's counsel Stephen E. Whitted ("Whitted"), who states that neither he nor Defendant Morales ever received the First Set of Interrogatories that were the subject of the Court's July 23 Order ("First Interrogatories").

  A. *Motion for Civil and Criminal Contempt and Sanctions and Reconsideration of July 23, 2007 Order*

The Court has struggled to understand Plaintiff's Motion.  Plaintiff intertwines extensive arguments regarding the merits of the case with his challenges to Defendants' discovery responses, and, even after careful consideration, the Court is unable to determine precisely what discovery issues Plaintiff seeks to raise.   To the best of its ability, the Court believes Plaintiff seeks to raise the following issues:

 1.  Defendant Morales has not answered Plaintiff's First Set of Interrogatories ("First Interrogatories") which Plaintiff claims he served on May 24, 2006.  Defendant Morales has also not responded sufficiently to Plaintiff's Fourth Set of Interrogatories or certain questions in his Third Set of Interrogatories.

 2.  Defendants Eddie J. Moody, Thomas Brown and R. K. Ellison[1] (the "Additional Defendants") have not responded to Plaintiff's First Set of Interrogatories, which Plaintiff claims were served on May 22, 2007.

 First, the Court concludes that Plaintiff did not serve his First Set of Interrogatories on Defendant Morales.  In an affidavit filed with the Court on

---

[1] On February 7, 2007, the Court allowed these Defendants to be added as parties.

September 19, 2007, following the Court's July 23 Order requiring Defendant Morales to respond to the First Interrogatories, Whitted stated, under oath, that he did not receive the First Interrogatories. Whitted further stated in his affidavit that he attempted to resolve any issues concerning the First Interrogatories in a letter sent to Plaintiff on July 30, 2007, notifying Plaintiff that he had not received the First Interrogatories and requesting that Plaintiff provide a copy. Plaintiff has refused to do so.

Local Rule 26.3A requires a party to file with the Court a certificate of service indicating the recipients and date of service of any written discovery. The discovery itself is not required to be filed with the Court. The purpose of the rule is to provide reliable evidence concerning when and to whom discovery requests were served in the event of a dispute.

The Court has reviewed the docket for certificates of service to determine if and when Plaintiff served the First Interrogatories on Defendant Morales. The docket does not show any certificate of service indicating that the First Interrogatories were served on Defendant Morales. Plaintiff filed no certificates of service on or around the May 24, 2006 date on which he claims he served the First Interrogatories on Defendant Morales. None of the certificates of service filed on

any date by Plaintiff show that the First Interrogatories were ever served on Defendant Morales or Whitted.  Whitted has filed an affidavit stating that he never received the First Interrogatories.  When Plaintiff was made aware that Whitted never received the First Interrogatories, Plaintiff refused to provide another copy.  In short, the docket shows that Defendant Morales never received the First Interrogatories.  Defendant Morales cannot be sanctioned or compelled for his failure to respond to interrogatories that he never received.[2]

The Court also concludes that Plaintiff may have served the First Interrogatories on the Additional Defendants.  Plaintiff filed Certificates of Service on May 14, 2007, which is near the date Plaintiff claims to have served the First Interrogatories on the Additional Defendants.  These Certificates of Service represent that Plaintiff mailed a set of "the foregoing interrogatories" to each of the Additional Defendants at what appears to be their work addresses on May 10, 2007.  The Certificates of Service do not specify what interrogatories were served.

Plaintiff is in a dilemma of his own making.  He cannot prove that any defendant received his First Interrogatories because he failed to file certificates of

---

[2] To the extent the Court's July 23 Order required Defendant Morales to respond to the First Interrogatories, that portion of the Order is vacated.

service designating with precision the identity of the served document, the identity of the recipient, the address of service, and the method of service. The docket shows that Plaintiff served interrogatories which may have been the First Interrogatories on the Additional Defendants. Defendants Ellison, Brown, and Moody must therefore, by November 26, 2007, file with this Court and serve on Plaintiff either responses to his First Interrogatories or an affidavit similar to that filed by Whitted, swearing that neither the Defendant nor his counsel received the First Interrogatories.

      B.    <u>*Defendant Morales' Answers to Plaintiff's Interrogatories*</u>

Plaintiff asserts a variety of arguments that the interrogatory answers he received from Defendant Morales are legally insufficient. Plaintiff's challenge fails to provide the Court with information that is not only required by the Local Rules, but is also pragmatically necessary for the Court to address the legal sufficiency of Defendant Morales's responses.

Local Rule 37.1A sets forth certain requirements for motions to compel or other challenges to discovery responses.[3] The challenging party must "quote

---

[3] The leniency and consideration that district courts are required to give to filings by *pro se* litigants "does not confer . . . a right to receive special advantages not bestowed on other litigants." <u>Procup v. Strickland</u>, 1107, 1115 (11th Cir. 1985).

verbatim" the language of each discovery request and the response challenged, as well as a specific objection to the response. The "verbatim quote" requirement is pragmatically necessary for the Court to consider any objection because written discovery is not filed with the Court. If the parties fail to quote verbatim the request and challenged response, the Court cannot assess whether the discovery request was appropriate or whether the challenged response was sufficient. Plaintiff's challenge does not provide verbatim quotes of the interrogatories and challenged responses. The Court is therefore not capable of considering his challenge.

    C.    *Motion for Extension of Time*

Plaintiff has requested additional time to file his Motion for Summary Judgment in light of Defendants' failure to respond to his discovery requests. The request is reasonable and the motion is granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Lorenzo Sotelo Camacho's ("Plaintiff") Motion for Civil and Criminal Contempt and Sanctions [52] is

---

A prisoner proceeding as a *pro se* litigant "must . . . abide by local rules governing the proper form of pleadings." Id.

**GRANTED IN PART** and **DENIED IN PART**.  Plaintiff's motion is denied in its entirety as to Defendant Morales.  Plaintiff's motion is granted as to Defendants Ellison, Brown, and Moody only insofar as those Defendants must provide, by November 26, 2007, either responses to Plaintiff's First Set of Interrogatories or affidavits swearing that neither Defendants nor their counsel have received the First Set of Interrogatories.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Extension of Time [51, 55] are **GRANTED**.  Plaintiff shall have up to and including December 10, 2007, to file his motion for summary judgment.

**SO ORDERED** this 9th day of November, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE